[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his petition filed October 15, 1997, petitioner seeks a writ of habeas corpus. For reasons hereinafter stated, the petition is dismissed.
The petition alleges that petitioner has been confined to the custody of the Commissioner of Correction illegally in that the Commissioner has failed to credit him with certain credit on a number of charges all in violation of his constitutional rights.
The respondent has moved to dismiss the petition on the grounds that petitioner is no longer in the custody of the Commissioner of Correction and that the allegations of the complaint do not form a basis upon which relief can be granted.
Public Act 93-219, now General Statutes § 18-100d, bears upon petitioner's claim with respect to credit for good time.
General Statutes § 18-100d provides as follows:
 Notwithstanding any other provision of the general statutes, any person convicted of a crime committed on or after October 1, 1994, shall be subject to supervision by personnel of the Department of Correction or the Board of Parole until the expiration of the maximum term or terms for which he was sentenced.
Petitioner is confined for conviction of a crime committed after October 1, 1994.
In Velez v. Commissioner of Correction, 250 Conn. 536 (1999), the Supreme Court held that in light of its language and legislative history, § 18-100d renders the good time statutes inapplicable to persons, like the petitioner, sentenced to terms of imprisonment for crimes committed on or after October 1, 1994. Therefore, the motion to dismiss must be granted.
Since petitioner is no longer confined subject to the custody of the Commissioner of Correction, no relief can be granted under CT Page 118 the petition.
Accordingly, the motion to dismiss is granted and the petition is dismissed.
Handy, J.